## WESTBROOK, trustee, *et al. vs.* HARROLD, JOHNSON & COMPANY.

Where, by a marriage settlement, all the property belonging to the wife was conveyed to a trustee for the use of the wife for life with remainder over, and after the marriage the wife remained in possession, the property held by her or her trustee was liable for the payment of a debt contracted by her, under proper pleadings to subject it.

(*a.*) The proceeding instituted in this case at common law was sufficient under the statute.

(*b.*) Alteration of judgment, so as to charge the life estate, suggested.
Judgment affirmed.

March 4, 18 4.

BLANDFORD, Justice.

---

## SPARKS *vs.* HANCOCK *et al.*

Two suits were brought in a justice's court by the same plaintiff, one being against two defendants, and the other against the same two and a third defendant. After judgments, the plaintiff appealed both cases to a jury in a justice's court, but gave only one appeal bond. From a refusal to dismiss the appeals, and after verdict, the defendants sued out a *certiorari;* it was sustained, and the case was returned to the lower court, with instructions that the appeals be allowed upon plaintiff's giving an appeal bond in each case. Plaintiff excepted:

*Held,* that the judgment gave the best possible disposition to the case, and plaintiff had no right to complain.
Judgment affirmed.

March 11, 1834.

JACKSON, Chief Justice.

---

## NEW *et al. vs.* NICHOLS.

1. This court will not scrutinize the record to detect errors in the first grant of a new trial.

2. Where the only muniment of title appended to an action for land in the statutory form was a paper which the Supreme Court had decided was a will (66 *Ga.,* 569), such paper was improperly -